IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:  JASON TOMPKINS , : Chapter 13
        Debtor , : Case No. 5:18-bk-02383

ORDER

Granting the Amended Motion To Sell Real Property Of The Estate Subject To 11 USCS 363(B) 131 Willow Drive - Hemlock Farms, Blooming Grove, Tax Map# 107.04-02-65, Pike County, Pennsylvania

AND NOW upon consideration of the Amended Motion To Sell Real Property Of The Estate Subject To **11 USCS 363(B) 131 Willow Drive - Hemlock Farms, Blooming Grove, Tax Map# 107.04-02-65, Pike County, Pennsylvania**, objections, if any, and hearing, if any, it is hereby ORDERED that said Motion is GRANTED. It is further ORDERED that Debtor be and is hereby AUTHORIZED to sell the real property known as **131 Willow Drive - Hemlock Farms, Blooming Grove, Tax Map# 107.04-02-65, Pike County, Pennsylvania**, to **Michael Joseph Considine and Sarah Ellen Considine**, unrelated third parties, or their assignees, for **One Hundred Sixty Five Thousand ($165,000) dollars** in accordance with the Agreement of Sale and any Addendums. It is further ORDERED that Debtor be and is hereby AUTHORIZED to execute any all documents necessary to complete the sale, in person or by power of attorney.

IT IS FURTHER ORDERED that distribution of the proceeds from the sale of the real estate at settlement, be made as follows:

a. Any out-of-pocket expenses advanced by or on behalf of Debtor or any closing agent in connection with the sale of the Property, and which have not been reimbursed at the time of settlement; then to

b. Any notarization, document preparation, mail or wire fees, and/or incidental recording fees associated with the sale of the above property; then to

c. Any transfer tax which is the responsibility of the seller; then to

d. Any real estate taxes or other municipal liens that are the responsibility of the Seller; then to

e. Any mortgage secured by the Property; then to

f. Any real estate commission due; then

g. $1,000 to Attorney for Debtor, Mark E. Moulton; then

h. up to $29,238.91 to Debtor, then, if any funds remain, to

i. Charles J. DeHart, Chapter 13 Trustee.

IT IS FURTHER ORDERED that this Order is not subject to the stay of order otherwise provided by Federal Rule of Bankruptcy Procedure 6004(h).